IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Civil Action No. 1:16-cv-10

| | |
|---|---|
| PAUL J. CASTRO,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GOGGINS,<br><br>Defendant. | **DEFENDANT'S BRIEF IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY AND EXPEDITED RESOLUTION OF DISCOVERY DISPUTE** |

Pursuant to Local Rules 7.2 and 7.3 and Rule 26(c) of the Federal Rules of Civil Procedure, Defendant David Goggins ("Mr. Goggins"), by and through counsel, files this brief in support of his Emergency Motion for Protective Order and Stay of Discovery and Expedited Resolution of Discovery Dispute.

## NATURE OF THE MATTER BEFORE THE COURT

Plaintiff brought this breach of contract action against Mr. Goggins. Mr. Goggins has counterclaimed for defamation. The action is currently in fact discovery.

Mr. Goggins has indicated that he does not wish for the law firm of Smith Moore Leatherwood LLP ("SML") to represent him any further in this action. Mr. Goggins has indicated that he is unwilling to pay for future legal services provided by SML. Mr. Goggins is currently in the process of actively seeking replacement counsel in this action but has not yet secured such replacement representation.

Plaintiff has issued subpoenas for third-party depositions that are scheduled to take place on March 10, 2017 and March 14, 2017. In addition, plaintiff has noticed Mr. Goggins' deposition for March 13, 2017. Mr. Goggins, by and through counsel, seeks a stay of discovery up to and including March 31, 2017 so that he can secure replacement representation, and further requests an expedited briefing schedule such that this dispute can be resolved in advance of the depositions that plaintiff intends to take on March 10, 2017, March 13, 2017, and March 14, 2017

## STATEMENT OF RELEVANT FACTS

Plaintiff is an alleged screenwriter who alleges that he and Mr. Goggins entered a contract involving his writing Mr. Goggins' "life story." (D.E. 1 ¶ 9). Plaintiff alleges that Mr. Goggins breached this alleged contract. (*Id.* ¶¶ 28-32).

On March 16, 2016, Mr. Goggins moved to dismiss plaintiff's complaint. (D.E. 6). On August 26, 2016, Mr. Goggins' motion to dismiss was denied. (D.E. 11). Mr. Goggins answered the complaint, denied liability, and filed a counterclaim for defamation. (D.E. 13). On September 30, 2016, plaintiff moved to dismiss Mr. Goggins' counterclaim. (D.E. 14). On December 12, 2016, Plaintiff's motion to dismiss was denied. (D.E. 21).

On October 13, 2016, the Court entered a Case Management Order. (D.E. 17). Fact discovery is ongoing and is scheduled to close on April 15, 2017. (D.E. 16, 17). On February 15, 2017, this Court entered an order setting trial of this action for the session beginning January 8, 2018. (D.E. 28).

2

Case 1:16-cv-00010-WO-JLW   Document 31   Filed 03/03/17   Page 2 of 9

Both parties have served written discovery on each other. On January 17, 2017, Mr. Goggins responded to the written discovery and produced documents. On January 18, 2017, plaintiff responded to the written discovery and produced documents.

On February 6, 2017, a mediation was held. The parties were unable to reach an agreement and the mediation was declared at an impasse.

In discussions prior to and at the mediation on February 6, 2017, Mr. Goggins indicated that he does not wish for SML to represent him beyond the mediation in this action and that he would be unwilling to pay for future legal services provided by SML. Mr. Goggins indicated that he would retain replacement counsel.

Prior to mediation, on January 24, 2017, plaintiff's counsel requested dates for depositions of two third parties: Mr. Jesse Itzler, and Mr. Goggins' mother, Jacqueline Gardner. On January 31, 2017, plaintiff's counsel additionally requested dates for the deposition of Mr. Goggins. Plaintiff's counsel and Mr. Goggins' counsel exchanged correspondence regarding the depositions and scheduling, but no dates had been set by the time of the mediation.

On February 7, 2017, the day after the mediation, Mr. Goggins' counsel informed plaintiff's counsel that SML would not be representing Mr. Goggins going forward, that Mr. Goggins was seeking replacement counsel, and that plaintiff's counsel would need to work with Mr. Goggins' replacement counsel regarding scheduling the depositions. Mr. Goggins' counsel understood plaintiff's counsel to say that he would wait some period of

3

time to be contacted by replacement counsel but desired to schedule the depositions in the near future.

On February 10, 2017, plaintiff's counsel issued a subpoena for the deposition of third party Jesse Itzler to be conducted on March 10, 2017 in Stamford, Connecticut. (A copy of the subpoena to Jesse Itzler is attached hereto as Exhibit A.) On February 14, 2017, plaintiff's counsel issued a subpoena for the deposition of third party Jacqueline Gardner to be conducted on March 14, 2017 in Brentwood, Tennessee. (A copy of the subpoena to Jacqueline Gardner is attached hereto as Exhibit B.)

Also, on February 13, 2017, plaintiff's counsel served a notice of deposition for Mr. Goggins' deposition to occur on March 13, 2017 in Brentwood, Tennessee. (A copy of the Notice of Deposition of Mr. Goggins is attached hereto as Exhibit C.)

Since February 6, 2017, Mr. Goggins has been actively seeking replacement counsel. SML has cooperated with Mr. Goggins and has stood ready to submit a motion for withdrawal and substitution of counsel. However, to date, Mr. Goggins has not yet secured replacement representation in this action.

On February 27, 2017, in light of the circumstances and the upcoming depositions, Mr. Goggins' counsel asked plaintiff's counsel if plaintiff would be willing to agree to extend the discovery deadline and/or postpone the depositions.

On February 28, 2017, plaintiff declined to agree to extend the discovery deadline. (Feb. 28, 2017 9:53 a.m. email, attached hereto as Exhibit D.)

On February 28, 2017, Mr. Goggins' counsel asked plaintiff's counsel if plaintiff would be willing to postpone the depositions until Mr. Goggins could coordinate new counsel to cover them. (Feb. 28, 2017 9:56 a.m. email, attached hereto as Exhibit E.) Plaintiff's counsel responded that plaintiff was unwilling to postpone the depositions. (Feb. 28, 2017 10:04 a.m. email, attached hereto as Exhibit F.) Plaintiff's counsel stated that plaintiff might wish to serve additional written discovery after the depositions, and would need time to do so before the current discovery deadline, which plaintiff had previously stated that he was unwilling to extend.

Given that plaintiff was unwilling to postpone the depositions and that Mr. Goggins has indicated that he no longer wishes for SML to represent him, SML was put in a position of having to choose between not participating in the depositions as counsel of record or incurring the substantial time, expense, and travel costs to participate as counsel of record when Mr. Goggins has indicated that he no longer wishes for SML to represent him in this action and that he is unwilling to pay for future legal services.

Although SML continues to cooperate with Mr. Goggins in his attempts to secure replacement counsel, due to the untenable position in which it has been placed, SML has moved to withdraw as counsel (D.E. 29). Mr. Goggins seeks this Protective Order to Stay Discovery to allow Mr. Goggins additional time to secure representation of his choosing to attend the depositions sought by plaintiff or determine to represent himself pro se.

## QUESTION PRESENTED

Should the Court grant Mr. Goggins' Emergency Motion for Protective Order and Stay of Discovery and Expedited Resolution of Discovery Dispute when plaintiff has declined to postpone the depositions currently scheduled for March 10, 2017, March 13, 2017, and March 14, 2017, Mr. Goggins has indicated that he no longer wishes for SML to represent him in this action and that he is unwilling to pay for their future legal services, and when there is ample time before the scheduled trial date of January 8, 2018 to complete fact discovery?

## ARGUMENT

Under Rule 26, the Court can enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This Court has the inherent power to grant a stay of litigation. *See Landis v. No. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988) (speaking to the court's "broad inherent power" to stay discovery in appropriate circumstances).

A stay is appropriate in the current circumstances. Mr. Goggins has indicated that he does not wish for SML to represent him going forward in this action and that he would be unwilling to pay for future legal services provided by SML, resulting in SML's filing a motion to be allowed to withdraw. (D.E. 29). Mr. Goggins' counsel has requested that plaintiff agree to extend the discovery deadline or postpone the depositions until Mr. Goggins can coordinate new counsel to cover them, but plaintiff has stated that he is

unwilling to agree to postpone the depositions or extend the discovery period. (Exs. D, F.) Absent relief, Mr. Goggins' counsel will be in a position of not attending the depositions because Mr. Goggins no longer wishes for SML to represent him and has indicated that he is unwilling to pay them for future legal services, or he will be unrepresented.

A stay is also appropriate because there is ample time to conclude fact discovery and there is no urgent reason for these depositions to occur in the next two weeks. Discovery is currently not scheduled to close until April 15, 2017. While plaintiff's counsel has indicated that he may wish to serve additional written discovery – beyond what has already been served on and responded to by Mr. Goggins – after the deposition, a reasonable extension of the discovery period could be ordered by the Court to accommodate that if necessary. Trial is not scheduled until the January 8, 2018 session of the Court. Mr. Goggins has not sought any previous stays or extensions of the discovery period, and no previous stays or extensions have been granted.

Under the circumstances, Mr. Goggins will be unduly burdened if forced to proceed with the depositions as currently scheduled. Given the present posture of the case, the fact that the discovery period is still open and could be extended, and the fact that trial is not scheduled until next year (2018), there is no pressing need to conduct these depositions in the next two weeks.

## **CONCLUSION**

For the foregoing reasons, Defendant David Goggins respectfully requests that the Court (1) expedite briefing on this Motion such that plaintiff's response shall be due no later than 5:00 p.m. on Tuesday, March 7, 2017; (2) schedule a telephone conference hearing as necessary on this Motion such that this dispute can be resolved in advance of the depositions that plaintiff intends to take on March 10, 2017, March 13, 2017, and March 14, 2017; and (3) enter an order of protection, on an expedited basis and prior to the depositions that plaintiff intends to take on March 10, 2017, March 13, 2017, and March 14, 2017, prohibiting any depositions (and other discovery) and staying discovery up to and including March 31, 2017.

This the 3rd day of March, 2017.

> */s/ Jonathan P. Heyl*
> Jonathan P. Heyl
> N.C. State Bar No. 25559
> Matthew W. Krueger-Andes
> N.C. State Bar No. 42984
> SMITH MOORE LEATHERWOOD LLP
> 101 North Tryon Street, Suite 1300
> Charlotte, NC 28246
> Telephone: (704) 384-2600
> Facsimile: (704) 384-2800
> Email: jon.heyl@smithmoorelaw.com
> matt.krueger-andes@smithmoorelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 3rd day March, 2017.

>   */s/ Jonathan P. Heyl*
>   Jonathan P. Heyl